# CRIMINAL CASES.

### Staunton.

## MARTIN V. COMMONWEALTH.

### September 20, 1917.

1. PHYSICIANS AND SURGEONS—*Prosecution for Practicing Without Having Procured a Certificate.*—Accused, at the time of the prosecution, was a non-itinerant optician engaged in the practice of optometry, and had been so employed since the year 1884. He had the following display letters on the front door and windows of his place of business: "Dr. J. Harry Martin, Incorporated, Eyes Exclusively," and "Dr. J. Harry Martin, Incorporated, Optometrist." It did not appear that accused had ever practiced or offered to practice medicine or surgery either in the city of Roanoke or elsewhere.

   *Held:* The accused was exempt from prosecution under chapter 84, section 12, Acts 1916, pages 138, 147, as the accused was included in the exemption of section 11, of "any non-itinerant person or manufacturer who mechanically fits or sells lenses, artificial eyes, * * * or is engaged in the mechanical examination of eyes for the purpose of adjusting spectacles, eyeglasses or lenses; * * *."

Error to a judgment of the Corporation Court of the city of Roanoke.

*Reversed.*

The opinion states the case.

*Hairston, Hairston & Woodrum,* for the plaintiff in error.

*Attorney-General Jno. Garland Polland* and *Assistant Attorney-General Leslie C. Garnett,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

Martin brings error to a judgment of conviction for practicing medicine in the city of Roanoke without first having procured a certificate from the board of medical examiners of Virginia, and sentencing him to pay a fine of $50.00.

The essential facts are these: Accused was graduated from a Kansas school with the degree of "Doctor of Optometry." On March 5, 1912, he obtained for himself and his associates a charter of incorporation under the name of "Dr. Harry Martin, Incorporated." The principal office of the corporation was located in the city of Roanoke, and its chief business was manufacturing and dealing in optical goods. Accused, at the time of the prosecution, was a non-itinerant optician engaged in the practice of optometry, and had been so employed since the year 1884. He had the following display letters on the front door and windows of his place of business: "Dr. J. Harry Martin, Incorporated, Eyes Exclusively," and "Dr. J. Harry Martin, Incorporated, Optometrist." It did not appear that accused had ever practiced or offered to practice medicine or surgery either in the city of Roanoke or elsewhere.

Upon this evidence the trial court, over the objection of accused, instructed the jury that if they believed from the evidence that he had used the display letters and words indicated above on the door and windows of his shop, then, as a matter of law, he was practicing medicine and was guilty as charged in the indictment.

The prosecution is founded on Ch. 84, section 12, Acts 1916, pp. 138, 147. The parts of section 12 held to be ap-

102

plicable to this case read as follows: "Definition of practice of medicine—Any person shall be regarded as practicing medicine within the meaning of this act * * * (2) or who shall use in connection with his name the words or letters "Dr." "Doctor," "Professor," "M. D." or "Healer," or any other title, word, letter or designation intending to imply or designate him as a practitioner of medicine in any of its branches, or of being able to heal, cure, or relieve those who may be suffering from injury or deformity or disease of mind or body. This section shall also apply to corporations."

If, standing alone, the display signs or letters employed by accused can be said to bring him within the condemnation of section 12 (which we need not decide), nevertheless, when that section is read in connection with section 11, it is quite clear that he is not guilty of the offense of which he has been convicted. Under "Exemptions from examinations; exceptions," section 11, after declaring: "Nothing in this act shall be construed to affect commissioned or contract medical officers serving in the United States army, navy or public health and marine hospital service," etc., continues: "or any non-itinerant person or manufacturer who mechanically fits or sells lenses, artificial eyes, * * * or is engaged in the mechanical examination of eyes for the purpose of adjusting spectacles, eyeglasses or lenses; * * *"

Thus, it plainly appears that the business or avocation of accused is included in the foregoing exemption or exception, and that he was not amenable to this prosecution. We may also direct attention to Acts 1916, Ch. 148, p. 251, which defines and regulates the practice of optometry, and makes provision for the establishment of a board of examiners in optometry, etc.

For these reasons, the judgment of the Corporation

Court of the city of Roanoke must be reversed, and the case remanded for further proceedings.

*Reversed.*

This case is not distinguishable in principle from the case of *J. Harry Martin* v. *Commonwealth*, 93 S. E. 623, in which an opinion has been handed down at the present term. And for the reasons stated therein, the judgment in this case must also be reversed, and the case remanded for further proceedings.

*Reversed.*